In re **FORD MOTOR CO. SPEED CONTROL DEACTIVATION SWITCH PRODUCTS LIABILITY LITIGATION.**

**MDL Docket No. 05–1718.**
**Case No. 09–14778.**

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 23, 2010.

Michael A. Caddell, Cory S. Fein, Cynthia B. Chapman, Caddell & Chapman, Houston, TX, Joseph W. Phebus, Phebus and Koester, Urbana, IL, John W. Reis, Cozen O'Connor, Charlotte, NC, Charles R. Houssiere, III, Houssiere & Durant, Houston, TX, Gary M. Farmer, Jr., Freedland, Farmer, Weston, FL, Jeffrey J. Lowe, St. Louis, MO, William G. Aimonette, Clausen Miller, Chicago, IL, Philip T. Carroll, Cozen O'Connor, Chicago, IL, Charles R. Houssiere, III, Houssiere & Durant, Houston, TX, Daniel Hogan, Michael J. Hopkins, Law Offices of Robert A. Stutman, Fort Washington, PA, for Plaintiffs.

Andrew J. McGuinness, Chelsea, MI, Sarah A. Kirkwood, Dykema, Gossett, Bloomfield Hills, MI, Timothy Kuhn, Dykema Gossett, Detroit, MI, Eric J. Mayer, Susman Godfrey, Houston, TX, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BERNARD A. FRIEDMAN, District Judge.

### I. Introduction

This matter is before the Court on Defendant Ford Motor Company's ("Ford") motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 56(c). Ford contends that it is beyond dispute that the subject vehicle in this underlying case was sold to its first consumer purchaser more than twelve years before the fire in this incident case occurred and, therefore, Plaintiffs claims are barred by Florida's statute of repose, § 95.031(2)(b), Fla. Stat.

In response, Plaintiff, Stasha Northcutt ("Northcutt") argues that Ford's motion for summary judgment must be denied because the active knowledge and concealment exception to the Florida statute of repose applies in this case, thereby causing the statutory twelve year period to toll and rendering Plaintiff's lawsuit against Ford timely filed.

### II. Background

Plaintiff claims that her product liability claim arises from a fire that occurred on March 23, 2009 due to a defective speed control deactivation switch in a 1997 Ford Expedition ("Exhibition") owned by her tenant, Kevin Abraham. The fire resulted in damage to her home and, Plaintiff contends, lost rental income. She states in her response that there is no question that the defective speed control deactivation switch in the Exhibition was the cause of the fire.

The Exhibition was sold to its first consumer purchaser in 1996. Abraham acquired the Exhibition five or six years prior to the fire from a private owner, and used it for personal use. Abraham did not receive a recall or other notice relating to the speed control deactivation switch in the Exhibition, and did not experience any problems with the speed control deactivation switch prior to the fire.

Plaintiff contends that she can cite to evidence clearly demonstrating Defendant's knowledge of the defective switch as of 1999, and that she is further able to show that Defendant had multiple opportunities to notify the public and the owner of the Exhibition prior to the 2005 recall of the Exhibition ("2005 recall").

### III. Standard of Review

Summary judgment is proper where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). There are no genuine issues of

material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories, and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## IV. Analysis

Plaintiff's complaint asserts three claims: negligence, strict product liability-product defect, and strict product liability-failure to warn. Each claim depends on the existence of a defect in the Exhibition, which allegedly caused the 2009 fire.

Plaintiff contends that in 1999, Defendant knew about the defective nature of the Texas Instruments speed control deactivation switch used in its vehicles, including the 1997 Exhibition. Specifically, Plaintiff states, Defendant knew about the propensity of the switch to overheat and thereby ignite a fire under the hood of a Ford vehicle. Plaintiff argues that Ford's discovery of the switch defect led to Ford's recall of a number of vehicles containing the defective switch, but Ford failed to recall any 1997 Ford Exhibitions until September 2005. Plaintiff states that Ford actively concealed its knowledge of the defective switch from the owners of the 1997 Ford Exhibitions for six years. Accordingly, Plaintiff argues, the repose period in this case must be extended by six years, causing any claim accrued and filed before 2014 to be timely, and therefore, Defendant's motion for summary judgment should be denied.

Florida's statute of repose states the following:

(b) An action for products liability under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence, rather than running from any other date prescribed elsewhere in s. 95.11(3), except as provided within this subsection. Under no circumstances may a claimant commence an action for products liability, including a wrongful death action or any other claim arising from personal injury or property damage caused by a product, to recover for harm allegedly caused by a product with an expected useful life of 10 years or less, if the harm was caused by exposure to or use of the product more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product.

§ 95.031(2)(b)Fla. Stat.

The exception to which Plaintiff cites states:

(d) The repose period prescribed within paragraph (b) is tolled for any period during which the manufacturer through its officers, directors, partners, or managing agents had actual knowledge that the product was defective in the manner alleged by the claimant and took affirmative steps to conceal the defect. Any claim of concealment under this section shall be made with specificity and must be based upon substantial factual and legal support. Maintaining the confidentiality of trade secrets does not constitute concealment under this section.

§ 95.031(2)(d)Fla. Stat.

Defendant argues that Plaintiff has failed to meet her statutory burden of demonstrating that the "manufacturer, through its officers, directors, partner, or managing agents had actual knowledge

that the product was defective ... and took affirmative steps to conceal the defect." Further, Defendant argues that Plaintiff has failed to make her "claim of concealment ... with specificity" and failed to base it "upon substantial factual and legal support." *Id.* Accordingly, Defendant argues, the exception to the Florida statute of repose is inapplicable, and summary judgment must be granted.

Plaintiff's response to Defendant's motion is based on her argument that Defendant's active concealment of the defect caused the repose period to toll. Plaintiff states that she can cite to many of Defendant's business records as well as the deposition testimony numerous Ford witnesses that demonstrate that Ford knew about, and actively concealed, the switch defect in the 1997 Ford Expedition for years before the incident at issue took place. Plaintiff's evidence, however, is not sufficient to meet her statutory burden, as explained below.

Plaintiff states that by 1999, Ford had active knowledge that its speed control deactivation switches in its Lincoln Town Car vehicles (1991–1992) and Crown Victoria and Mercury Grand Marquis vehicles (1992–1993) were developing resistive shorts in the electrical circuit, which resulted in vehicle fires. Plaintiff attaches exhibits meant to demonstrate such knowledge. Pltf. Exh. C–F. Plaintiff also points out that Ford's employees had specific knowledge of the defects in the speed control deactivation switches in those vehicles prior to the 2005 recall of the 1997 Ford Expedition, In May 1999, Ford issued a recall of Lincoln Town Car vehicles (1991–1992) and Crown Victoria and Mercury Grand Marquis vehicles (1992–1993), and in 2000, Ford replaced defective speed control deactivation switches in 497 Ford F–150 vehicles, following warranty claims relating to their switches.

Plaintiff argues that the defective switch in the vehicles recalled in 1999 was the "exact same switch" as in the 1997 Ford Exhibition. Plaintiff contends that Ford used the same speed control deactivation control switches, made by Texas Instruments ("TI"), in all Ford vehicles with the speed control function, including the 1997 Ford Expedition. In support of this contention, Plaintiff cites to the deposition of Mark E. Hoffman, a Design and Analysis Engineer, in which he confirmed that Ford collaborated with TI to create the switch.

Mr. Hoffman's deposition testimony, however, actually demonstrates that the TI switches had some variances from year to year. When asked what the difference was between the 1999 recall, which involved the 1992 and 1993 model year Lincoln Town Car, Ford Crown Victoria and the Lincoln Grand Marquis, and the 2005 recall of the 1997 Ford Exhibition, Mr. Hoffman responded, "[p]redominantly, the two parts are slightly different designs from Texas Instruments and then the point in time when the parts were manufactured are quite different." Dft. Reply Exh. 1, p. 292. This testimony clearly refutes Plaintiff's contention that the switch used in the 1997 Ford Exhibition was the "exact same" switch used in the vehicles that were the subject of the 1999 recall. Plaintiff has not presented any contrary evidence substantiating its claim that Ford had knowledge of the defect in the 1997 Ford Exhibition prior to its 2005 recall.

In addition, Plaintiff offers evidence that following the recall, there were negotiations between Ford and TI regarding modifications to the switch and indemnity agreements, including a letter in which TI states that it did not accept any responsibility for the 1999 recall. Pltf. Exh. O. Plaintiff further offers evidence of NHTSA correspondence with Ford regarding the

vehicles that were the subject of the 1999 recall, and attempts to use such correspondence to prove its allegation that Ford had active knowledge of the defect in the 1997 Ford Exhibition. This evidence, however, still fails to demonstrate that the switch used in the 1997 Ford Exhibition was the same switch as that used in the vehicles that were the subject of the 1999 recall.

Plaintiff's inability to definitively demonstrate that the same speed control deactivation switch was used in the 1997 Ford Exhibition as that used in the 1999 recalled vehicles precludes it from invoking the exception to Florida's statute of repose. Plaintiff's unsupported allegations do not satisfy its burden of proving knowledge of the defect by Ford, as required by Florida's statute of repose, nor are they sufficient to rebut a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989) (a party cannot "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must show some evidence to survive summary judgment).

As Plaintiff has not demonstrated factual support for her contention that Ford had actual knowledge of the defect prior to the 2005 recall, the question of whether Ford's officers, directors, partners, or managing agents actively concealed such knowledge need not be addressed. Plaintiff has failed to invoke the exception to Florida's statute of repose, and as the incident in question occurred more than twelve years after the initial sale of the 1997 Exhibition, Defendant's motion for summary judgment must be granted.

## V. Order

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand is DENIED AS MOOT.